IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES E. BUCKLE | \* |
| | \* |
| v. | \*   Civil No. JKS-11-3409 |
| | \* |
| MICHAEL J. ASTRUE | \* |
| Commissioner of Social Security | \* |
| | \* |

**MEMORANDUM OPINION**

Plaintiff Charles E. Buckle brought this action pursuant to 42 U.S.C. § 405(g) for review of a final administrative decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act), 41 U.S.C. §§ 401–433, and §§ 216(i) and 223(d), respectively. Both parties' motions for summary judgment and Buckle's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Buckle's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted.

1. **Background.**

Buckle applied for DIB and SSI benefits on August 18, 2007, alleging an onset of disability date of June 1, 2007. Both applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 29, 2011, at which Buckle was represented by counsel. (R. 19). On July 28, 2011, the ALJ found that Buckle was not disabled within the meaning of the Act, and the Appeals Council denied his request for review. Thus, the ALJ's determination became the Commissioner's final decision.

2. **ALJ's Decision.**

The ALJ evaluated Buckle's claims using the five-step sequential process set forth in 20 C.F.R. § 404.1520.  First, the ALJ determined that Buckle had not engaged in substantial gainful activity since the alleged onset date.  At step two, the ALJ concluded that Buckle suffered from bipolar depression, impulse control disorder, anxiety, degenerative disc disease, and facet arthritis, all of which qualified as severe impairments.  (R. 19).  At step three, the ALJ determined that Buckle did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 20).  Further, the ALJ found that Buckle had the Residual Functional Capacity (RFC) to perform a limited range of light work, was able to perform past relevant work as a security guard, and thus was not disabled within the meaning of the Act.  (R. 26-27).

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.  42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision when it is supported by substantial evidence.  *Id.*

**4.   Discussion.**

Buckle claims that the ALJ erred in failing to consider whether his back impairment met or medically equaled a listed impairment.  "[W]hen there is 'ample evidence in the record to support a determination' that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify 'the relevant listed impairments' and compare 'each of the listed criteria to the evidence of the claimant's symptoms.'"  *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645–47 (D. Md. 1999) (*quoting Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986)); *see also McCall v. Astrue*, 2011 U.S. Dist. LEXIS 64402 at *4–5 (D. Md. 2011).  Here, Buckle identifies no specific impairment which he believes should have been considered.  The Commissioner correctly identifies Listing 1.04 as dealing with disorders of the spine, and contends that Buckle's medical records contain no evidence to support a determination that this listing was met.  Buckle points to no such evidence, and none appears in the record.  Accordingly, the ALJ was not required to consider whether this listing was met.  The ALJ did, however, appropriately consider Buckle's back pain in assessing his RFC.

Buckle also argues that the ALJ erred in rejecting his treating physician's opinion.  An ALJ must consider the medical opinions in a claimant's record in conjunction with the rest of the relevant evidence.  20 C.F.R. § 416.927(b).  While the ALJ usually gives more weight to the opinion of a treating physician, that opinion should be accorded less weight when it is inconsistent with the other substantial evidence on the record.  *See* 20 C.F.R. § 416.927(b)(2); *see also Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996).  The ALJ is not required to give controlling weight to a physician's opinion regarding the ultimate issue of a claimant's disability. 20 C.F.R. § 404.1527(e); SSR 96-5p, 1996 SSR LEXIS 2.

Here, the ALJ rejected portions of Dr. Rualo's opinion regarding Buckle's physical limitations. The reasons stated were that those limitations were not supported by Dr. Rualo's clinical findings, the MRI, Buckle's admission that he had stopped taking his pain medication, and Buckle's failure to seek any treatment during a significant period of time. She also noted that the limitations were not supported by objective medical evidence or treatment notes. (R. 23-25). This observation is fully supported by the record. Buckle saw Dr. Rualo on August 4, 2010, regarding his cholesterol, and his back was reported to be "normal." (R. 397-400). At an April 11, 2011, visit to Dr. Rualo, Buckle was reported to have only "muscle spasm" of the middle and lower back. R. 390). Overall, the ALJ properly accepted some, but not all, of Dr. Rualo's limitations.[1] (R. 25).

The ALJ also discussed the opinions of the State agency consultants, similarly assessing whether these opinions were supported by the objective evidence and treatment notes, and again accepting some, but not all, of the limitations imposed by these consultants. (R. 25-26). Ultimately, based on the opinions of the physicians, including those of the treating physician, and after assessing the consistency of those opinions with the other evidence in the record, the ALJ properly fashioned Buckle's RFC to reflect those limitations which were supported by substantial evidence.

5. **Conclusion.**

For the foregoing reasons, Buckle's motions for summary judgment and remand will be denied and the Commissioner's motion for summary judgment will be granted.

Date: November 29, 2012                                /S/
                                          JILLYN K. SCHULZE
                                          United States Magistrate Judge

---

[1] The ALJ also is faulted for noting that Buckle never consulted a specialist. It is claimed that Buckle was improperly penalized "for failing to seek treatment he could not afford." (ECF No. 12-1 at 5). However, Buckle testified that he received continuous medical treatment and continued to see Dr. Rualo for his back pain. (R. 40-41). He did not claim any inability to receive necessary treatment.